**Ex parte Charles H. Fowler, Jr.**

**Charles H. FOWLER, Jr., Petitioner,**

**v.**

**Fred HOOEY, Judge, 180th District Court, Harris County, Texas, Respondent.**

**No. 58639.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1978.

No attorneys appearing.

OPINION ON COURT'S MOTION FOR REHEARING

VOLLERS, Judge.

The prior opinion of the Court is withdrawn.

We have before us a purported appeal from an order of the trial court in a habeas

corpus proceeding in which the appellant sought a reduction in bail pending appeal and in which appellant also sought a transfer from the Texas Department of Corrections to the Harris County Jail pending his appeal.

We also have before us an original application for writ of mandamus in which the petitioner requests this Court to compel the Honorable Fred Hooey, the trial judge in said habeas corpus matter, to conduct a hearing in response to his said application for writ of habeas corpus.

In looking at the records before us in regard to both the habeas corpus and the mandamus matters, we find the facts to be as follows:

The appellant-petitioner, Fowler, was convicted of theft under a five count indictment and was assessed a punishment of fifteen years' confinement in the Texas Department of Corrections and a fine of $1500 on each count. He thereafter gave notice of appeal and was committed to the Texas Department of Corrections pending his appeal.

On March 22, 1978 appellant-petitioner filed an application for writ of habeas corpus in the trial court, asking that he be transferred from the Texas Department of Corrections to the Harris County Jail on the ground that he was sentenced to confinement not to exceed fifteen years and that he had not requested to be transferred to the Texas Department of Corrections. In that application he also requested that bail pending appeal be set in a reasonable amount. In response to this application, the trial judge entered an order setting bail at "$15,000 on each count or a total of $75,000 . . ." The trial court made no order respecting a change of custody. No appeal was taken from the trial court's action.

On May 3, 1978, appellant filed a second application for writ of habeas corpus in which he again sought to be transferred from the Texas Department of Corrections to the Harris County Jail on the same ground alleged in his first application. Also, in the second application, he sought a reduction of bail from $75,000 to $25,000. The trial judge denied the second application without a hearing. There is no indication in the record that the trial court ever issued a writ of habeas corpus.

As to the application for writ of mandamus, two questions are presented. First of all, petitioner requests that this Court require the trial court to order his transfer from the Texas Department of Corrections to the Harris County Jail. This relief is denied.

The petitioner bases his contention upon the provisions of Article 44.04(c), V.A.C.C.P. which provides that

> "Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, *admit him to reasonable bail until his conviction becomes final* . . ."

It is apparently the petitioner's reasoning that since his punishment does not exceed fifteen years' confinement he should not be transferred to the Texas Department of Corrections pending the outcome of his appeal. This reasoning overlooks the provisions of Article 42.09, V.A.C.C.P. pertaining to the delivery to the place of confinement. That article provides:

> "Sec. 4. If a defendant is convicted of a felony and sentenced to death, life, *or a term of more than ten years,* in the Department of Corrections and he gives notice of appeal, *he shall be transferred to the Department of Corrections* on a commitment pending a mandate from the Court of Criminal Appeals. [Emphasis added.]
>
> Section 5. If a defendant is convicted of a felony and his sentence is a term of ten years or less and he gives notice of appeal, he shall be transferred to the De-

partment of Corrections on commitment pending a mandate from the Court of Criminal Appeals upon request in open court or upon written request to the sentencing court. Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal."

Section 4 specifically provides for transfer to the Department of Corrections when there is a term of more than ten years in the Department of Corrections. It should be noted that nothing is said in Section 4 about the defendant not thereafter being released on bail pending his appeal, as is provided under the transfer under Section 5 upon the defendant's request. It is therefore apparent that there is no conflict between Article 42.09 and Article 44.02. As was pointed out in *Ex parte Briones,* 563 S.W.2d 270 (Tex.Cr.App.1978), in harmonizing the provisions of these two articles

"It is presumed the legislature intended that both amendments be given effect, and we will give both statutes effect if a reasonable construction may be found to produce harmony rather than conflict between them. See, Art. 5429b–2, Sec. 3.03(5), supra. Construing Art. 42.09 to address only the manner of delivery of appellant for confinement, and construing Art. 44.04(c) to control the determination of whether to confine appellant, we hold the apparent conflict is thereby resolved, and both statutes may be given effect. These constructions we find to be in accord with the legislative intent."

The trial judge's refusal to transfer petitioner from the Texas Department of Corrections to the Harris County Jail was correct and petitioner's request for such transfer is denied.

The second question presented by the application for writ of mandamus is whether or not the trial judge in this cause shall be required to hold a hearing to determine whether or not the bail is excessive. It appears that the application for writ of habeas corpus raising this issue with the trial court was presented to the trial judge in this cause but that he apparently refused to issue the writ. Whether or not a trial judge issues a writ of habeas corpus is a matter of discretion and not the proper subject for a writ of mandamus. *Ex parte Benson,* 153 Tex.Cr.R. 598, 223 S.W.2d 934 (1949). However, the use of habeas corpus to determine the issue of bail on appeal seems to have been supplanted by the provision of Article 44.04 supra, pertaining to bond pending appeal. In the revision of Article 44.04 at the last session of the legislature, the legislature saw fit to provide that

"(g) The right of appeal to the Court of Criminal Appeals in this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal should be given preference by the Court of Criminal Appeals."

When this provision is considered in light of subsection (c), which was previously discussed, and subsection (d),[1] it becomes apparent that the trial judge should have treated the application for writ of habeas corpus as a motion for reduction of bail under Article 44.04(d). In order to have such a motion reviewed under the provisions of subsection (g), the petitioner should have given notice of appeal to this Court. Since notice of appeal was not given, we do not have jurisdiction to review the matter,

1. Article 44.04(d), V.A.C.C.P. provides:

"(d) If the defendant is on bail when the trial commences and is convicted of a misdemeanor appealable to the Court of Criminal Appeals or of a felony and his punishment is assessed at a fine or confinement not to exceed fifteen years, or both, he shall remain on such bail and the bail shall not be considered discharged until his conviction has become final, either through his failure to obtain a new trial or to perfect or pursue an appeal or through final affirmance by the appellate court on appeal and the filing of a mandate thereof with the clerk of the trial court. After conviction, either pending determination of any motion for new trial or *pending final determination of the appeal, the court in which he was tried may increase or decrease the amount of his bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant,* which bail and the sureties thereon shall be approved by such trial court in the event any additional bond is required." (Emphasis added.)

and we shall no longer review such matters by habeas corpus since a specific right of appeal is provided.[2]

In regard to the question of appealing such an order by the trial court, it would appear that the application of the provisions of Article 40.09, V.A.C.C.P. would result in delay and defeat of the legislative intent that such matter should be reviewed expeditiously, therefore the timetables set out in that article do not apply to such an appeal. Cf. *Ex parte Watson,* 455 S.W.2d 300 (Tex.Cr.App.).

For the reasons stated, the application for writ of mandamus is denied. Since we will no longer review matters pertaining to bail pending appeal by habeas corpus, the application for writ of habeas corpus is also denied.

2. It should be noted that the time for giving notice of appeal is not provided by Article 44.04, V.A.C.C.P. so the general provisions of Article 44.08(c), V.A.C.C.P. would control.