### Ex parte Timothy Mark BYERS.

### No. 65021.

Court of Criminal Appeals of Texas, En Banc.

Oct. 22, 1980.

Rehearing Denied March 4, 1981.

Jim Vollers, Austin, for appellant.

Marcus D. Taylor, Crim. Dist. Atty., Quitman, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Byers has been found guilty of burglary of a habitation, assessed a punishment of fifteen years' confinement and a $5000 fine, and sentenced. He gave notice of appeal and asked to be admitted to bail but the trial court refused, apparently holding that he was not eligible for bail.

The question presented is whether a defendant whose punishment was assessed at fifteen years' confinement and a fine is eligible to be admitted to bail pending appeal. The answer is, Yes.

As originally drafted, Article 44.04 of the 1965 Code of Criminal Procedure spoke explicitly to the question of whether a defendant was eligible for bail after conviction if his punishment was fifteen years' confinement and a fine. It provided, 1965 Texas General Laws, Chapter 722, Section 1, Article 44.04 (emphasis supplied):

"(a) Any defendant who is convicted of a misdemeanor, or who is convicted of a felony and whose punishment is assessed at a fine or confinement not to exceed fifteen years *or both*, shall be entitled to bail under the rules set forth in this Chapter pending disposition of his motion for new trial, if any, and pending disposition of his appeal, if any, and until his conviction becomes final.

\*       \*       \*       \*       \*       \*

"(d) If the defendant is on bail when the trial commences and is convicted of a misdemeanor appealable to the Court of Criminal Appeals or of a felony and his punishment is assessed at a fine or confinement not to exceed fifteen years, *or both*, he shall remain on such bail and the bail shall not be considered discharged until his conviction has become final, . . . . \* \* \*

"(e) If the defendant is in custody when the trial commences, and his punishment is assessed at a fine or confinement not to exceed fifteen years, *or both*, he shall be entitled to bail until his conviction has become final . . . . \* \* \*"

Thus it was clear under former Article 44.04 that a defendant whose punishment was assessed at fifteen years' confinement and a fine was eligible (indeed, entitled) to bail pending appeal. The parties agree that this was the law.

We also note that the same statute provided (emphasis supplied):

"(h) If the punishment assessed *exceeds fifteen years confinement*, the defendant shall be placed in custody of the sheriff and the bail thereby considered discharged immediately upon the return into court of the verdict as to punishment, or if the minimum punishment possible under the law exceeds fifteen years, then immediately upon the return into court of the verdict of guilty."

It is plain that the emphasized phrase referred only to the confinement aspect of punishment without regard to the aspect of

fine, for the rest of the statute (as we have seen) made it clear that the addition of a fine to a punishment of fifteen years' confinement did not make a defendant ineligible for bail; that is, it did not amount to a punishment that "exceeds fifteen years confinement."

In 1977 the Legislature amended Article 44.04 to remove the entitlement to bail pending appeal for felons, giving the trial judge discretion to deny bail in particular circumstances. 1977 Texas General Laws, Chapter 234. The statute was rewritten, and the pertinent Subdivision, V.A.C.C.P., Article 44.04(b), now reads:

"(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement but shall immediately be placed in custody and the bail discharged."

The statute no longer explicitly mentions punishment by fine or by both confinement and fine. Does this mean that the Legislature intended to change the law so that a defendant whose punishment comprised fifteen years' confinement and a fine was no longer eligible for bail?

The appellant speculates in his brief that it was not the legislative intent to change the law, and he offers hypothetical reasons;

the State in its brief asserts that a literal reading of Subdivision (b) requires us to hold that the Legislature changed the law as well as the language. There is no reason to speculate about the legislative intent for Subdivision (b), for the clearest possible expression of intent is in the public record. When called upon to begin floor debate by summarizing the contents of the bill (S.B. 52) that revised Article 44.04, the sponsor of the bill in the House of Representatives (Rep. Semos) stated (emphasis supplied): "*Subsection [sic] (b) restates the current law* that a defendant who's convicted and sentenced in excess of fifteen years may not be eligible for bail." Tape recording of House session for May 11, 1977. The proceedings of the Senate[1] and the respective committees of each house[2] reveal no intent to change this feature of the law. Commentators have not discerned any change in this feature of the law.[3]

The proper construction of Subsection (b) is like that of Subsection (h) in the former statute; it refers only to the confinement aspect of punishment, without regard to the aspect of fine. A defendant like Byers who has been assessed a punishment of fifteen years' confinement and a fine is eligible for bail pending appeal under present law, as he would have been under former law.

**1.** Sen. Harris (sponsor): "Presently the law directs its attention to anybody that gets more than fifteen years; then they're automatically denied bail after their conviction. This deals with under fifteen years, after conviction." Tape recording of Senate session for March 24, 1977.

**2.** "Q [By Sen. Santiesteban, chairman]: Frank, why don't you start out by just telling us how this changes existing law?
"A [By Frank Maloney, first witness]: Well, existing law allows bail after any felony conviction providing—
"Q  As a matter of right?
"A  As a matter of right.
"Q  If it's less than 15 years?
"A  That's right.
"Q  So the big change in this is, the judge has a discretion.
"A  That's really the only major change.
* * *

    *     *     *     *     *     *
"A  * * * As it's written, Senator, the TCDLA would only make philosophical objections to it. I mean, we have—I don't see

anything wrong with the language in it at all."
Tape recording of hearing before Subcommittee on Criminal Matters, Senate Committee on Jurisprudence, March 8, 1977 (authors of bill present).
See also, Tape recording of hearing before Subcommittee on Criminal Matters, Senate Committee on Jurisprudence, Feb. 1, 1977; Tape recording of hearing before House Committee on Criminal Jurisprudence, May 3, 1977.

**3.** "The Texas Legislature also amended Article 44.04 of the Code of Criminal Procedure. Denial of bail to persons whose punishment exceeds fifteen years is retained." Goranson, "Criminal Law & Procedure: Arrest to Indictment," 32 Sw.L.J. 449, 456 (1978) (footnotes omitted).

"Although Article 44.04 was amended in various ways effective August 29, 1977, the fifteen-year sentence limit provision regarding bail pending appeal remained the same." Hippard, "Criminal Procedure," 33 Sw.L.J. 505, 554 (1979) (footnote omitted).

■ A procedural question remains. This case came to us as an original application for a writ of habeas corpus. Byers asks us to grant him the bail pending appeal which the trial court denied. That we shall not do. As we noted in *Ex parte Fowler*, 573 S.W.2d 241, 244–245 (Tex.Cr. App.1978) (Vollers, J.) (footnote omitted):

"[T]he use of habeas corpus to determine the issue of bail on appeal seems to have been supplanted by the provision of Article 44.04 [, V.A.C.C.P.], pertaining to bond pending appeal. In the revision of Article 44.04 at the last session of the legislature, the legislature saw fit to provide that

" '(g) The right of appeal to the Court of Criminal Appeals in this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal should be given preference by the Court of Criminal Appeals.'

" * * * [W]e shall no longer review such matters by habeas corpus since a specific right of appeal is provided."

Accordingly, we shall not use the writ of habeas corpus to fix the amount of bail for Byers pending the appeal of his conviction. That is the duty of the trial court, subject to our review by means of the appeal provided by V.A.C.C.P., Article 44.04(g).

■ Byers' claim is not that the amount of his bail is unreasonably high; it is that the trial court has denied him bail wrongly under V.A.C.C.P., Article 44.04(b). As we have held above, he is eligible for bail pending appeal. The trial court has a non-discretionary duty to consider his application for bail in accordance with V.A.C.C.P., Article 44.04(c). (The trial court may deny bail if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail. *Id.* The parties seem to agree that the denial of

bail in this case was not based on any discretionary finding of such good cause, but rather on a holding that as a matter of law Byers was not eligible for bail because of his punishment.) The appropriate remedy would be that the trial court be ordered to admit him to bail unless bail could be denied under V.A.C.C.P., Article 44.04(c). Accordingly we shall treat his application as one for a writ of mandamus rather than habeas corpus. *Broggi v. Curry*, 571 S.W.2d 940 (Tex.Cr.App.1978). See *Houlihan v. State*, 579 S.W.2d 213, 216 (Tex.Cr.App. 1979).[4]

Byers is entitled to relief. We are confident that the trial court will consider him for bail without our having to issue a writ of mandamus.

DALLY, J., concurs in the result.

ONION, Presiding Judge, concurring.

I agree with the end result of the majority opinion, but there is much with which I cannot agree.

The question with which we are confronted is whether a defendant whose punishment for a felony has been assessed at fifteen (15) years' imprisonment is eligible for bail pending appeal if a fine in addition to the confinement has been imposed. See Article 44.04(b), V.A.C.C.P. (as amended 1977).

The record before us reflects that the appellant was found guilty of burglary of a habitation and his punishment was assessed by the jury at fifteen (15) years in the Department of Corrections and a fine of $5,000.00. On June 13, 1980, the court formally pronounced sentence and the appellant gave notice of appeal. Thereafter, bond on appeal was requested. *Ex parte Fowler*, 573 S.W.2d 241 (Tex.Cr.App.1978), and Article 44.04(c), V.A.C.C.P., were called to the trial court's attention and it was

4. We should not be understood to say that mandamus was the only proper procedure. Appeal under V.A.C.C.P., Art. 44.04(g) also might have been used, as we implied in *Ex parte Fowler*, 573 S.W.2d 241 (Tex.Cr.App. 1978). Although Byers gave notice of appeal

from the ruling that denied bail, he has not proceeded thereafter in the form of an appeal. When our original jurisdiction was invoked, we ordered Byers enlarged under bail while his application was pending.

urged the appellant was entitled to bail. Bail was denied and the record reflects:

"MR. J. BYERS (Appellant's Counsel): Your Honor, note our exception, and we appeal, hereby, on the order of the court denying bond.

"THE COURT: Notice of appeal on the denial of bond received by the court. . . ."

Article 44.04 (Bond Pending Appeal), as amended in 1977 contains:

"(g) The right of appeal to the Court of Criminal Appeals of this state is expressly accorded the defendant for review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

Having given notice of appeal,[1] the question presented, as noted above, must be determined in light of § (b) of said Article 44.04, which provides:

"(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement but shall immediately be placed in custody and the bail discharged."

In determining the meaning to be given to said § (b), it is helpful to look to some of its forerunners.

Article 815, V.A.C.C.P., 1925, provided:

"Where the punishment of the defendant has been assessed at confinement in the penitentiary for any period of fifteen years or less, and such conviction is appealed from, by entering into a recognizance in said court the defendant thus convicted shall have the right to remain on bail while such appeal is pending and until the judgment appealed from is affirmed by the appellate court and the mandate thereof filed with the clerk of the trial court."

In *Ex parte McBride*, 108 Tex.Cr.R. 618, 2 S.W.2d 267 (1928), it was held that applicant sentenced to 45 years' imprisonment for murder was held not entitled to bail under Article 815, V.A.C.C.P., 1925, applying to persons sentenced to 15 years or less.

Articles 815 through 818, V.A.C.C.P., 1925, dealt with bail on appeal in felony cases, and Articles 830 through 832, V.A.C.C.P., dealt with bail on appeal in misdemeanor cases.

Article 44.04, V.A.C.C.P., as enacted as a part of the 1965 Code of Criminal Procedure, was derived from Articles 582, 815 through 818, 830 through 832 of the former Code.

Said statute provided as follows:

"(a) Any defendant who is convicted of a misdemeanor, or who is convicted of a felony and whose punishment is assessed at a fine or confinement not to exceed fifteen years or both, shall be entitled to bail under the rules set forth in this Chapter pending disposition of his motion for new trial, if any, and pending disposition of his appeal, if any, and until his conviction becomes final.

"(b) If the defendant is on bail when the trial commences, he shall have the same right to remain on bail during the trial of the case and until the return into court of the verdict as he had under the law before the trial commences.

"(c) If the defendant is on bail when the trial commences and is convicted of a misdemeanor appealable to any court where a trial de novo may be had and is on bail when the trial commences, he shall remain at large on such bail and such bail shall not be considered as discharged until his conviction becomes final or he files an appeal bond as required by this Code for appeal from such conviction.

"(d) If the defendant is on bail when the trial commences and is convicted of a misdemeanor appealable to the Court of Criminal Appeals or of a felony and his punishment is assessed at a fine or con-

---

1. The majority notes the giving of the notice of appeal but states the appellant Byers has not proceeded in the form of an appeal. He did, also, of course, file an application for writ of habeas corpus seeking to invoke our original jurisdiction, but how the majority believes he failed to proceed in the form of an appeal is not clear. The procedure for appeal is not set forth in Article 44.04, supra, and *Ex parte Fowler* held that Article 40.09, V.A.C.C.P., would not control such procedure.

finement not to exceed fifteen years, or both, he shall remain on such bail and the bail shall not be considered discharged until his conviction has become final, either through his failure to obtain a new trial or to perfect or pursue an appeal or through final affirmance by the appellate court on appeal and the filing of a mandate thereof with the clerk of the trial court.

"After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which he was tried may increase or decrease the amount of his bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant, which bail and the sureties thereon shall be approved by such trial court in the event any additional bond is required.

"(e) If the defendant is in custody when the trial commences, and his punishment is assessed at a fine or confinement not to exceed fifteen years, or both, he shall be entitled to bail until his conviction has become final, either through his failure to obtain a new trial or to perfect an appeal or through final affirmance by the appellate court upon appeal and the filing of a mandate thereof with the clerk of the trial court. Upon application by the defendant, and at any time prior to the time such conviction becomes final, the trial court shall set his bail at such amount as such court deems proper, which bail and sureties on which bond shall be approved by the trial court. Such defendant shall be committed to jail unless he enters into such bail. If he be in custody, his motion for new trial or notice of appeal shall have no effect to release him from such custody unless he enters into such bail.

"(f) Any such bail may be entered into and given either in the same or any subsequent term of the court, and shall be sufficient if it substantially meets the requirements of Article 17.09.

"(g) In no event shall the defendant and the sureties on his bond be released from their liability on such bond or bonds until the defendant is placed in the custody of the sheriff.

"(h) If the punishment assessed exceeds fifteen years confinement, the defendant shall be placed in custody of the sheriff and the bail thereby considered discharged immediately upon the return into court of the verdict as to punishment, or if the minimum punishment possible under the law exceeds fifteen years, then immediately upon the return into court of the verdict of guilty."

It is observed that in § (a) and (b) the drafters attempted to combine the provisions of bail on appeal concerning misdemeanors and felonies where the confinement did not exceed fifteen years or by fine or both. Further, § (h) expressly prohibited bail where punishment assessed exceeded 15 years' confinement. It must be kept in mind, however, that in 1965, as before that time, few felonies carried fines as part of the possible punishment and few misdemeanors seldom provided for confinement in county jail for more than two years.

In 1977, after the enactment of the 1974 Penal Code providing fines as additional possible punishment for many felonies, see Chapter 12 of the 1974 Penal Code, Article 44.04, V.A.C.C.P., was amended to provide:

"(a) Pending the appeal from any misdemeanor conviction, the defendant is entitled to be released on reasonable bail, and if a defendant charged with a misdemeanor is on bail, is convicted, and appeals that conviction, his bond is not discharged until his conviction is final or in the case of an appeal to a court where a trial de novo is held, he files an appeal bond as required by this code for appeal from the conviction.

"(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment exceeds 15 years confinement but shall immediately be placed in custody and the bail discharged.

"(c) Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial

court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

"(d) After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant.

"(e) Any bail entered into after conviction and the sureties on the bail must be approved by the court where trial was had. Bail is sufficient if it substantially meets the requirements of this code and may be entered into and given at any term of court.

"(f) In no event shall the defendant and the sureties on his bond be released from their liability on such bond or bonds until the defendant is placed in the custody of the sheriff.

"(g) The right of appeal to the Court of Criminal Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

There can be no question that "confinement" as used in Article 44.04(b), V.A.C.C.P., 1965, as amended 1977, and its forerunners referred to felony convictions and imprisonment in the penitentiary—the Department of Corrections when the question of release on bail pending appeal was to be considered. There would seem to be no

legislative intent to change the meaning of "confinement" in Article 44.04, § (b), in its 1977 amendment although the 1974 Penal Code had been adopted providing a broad scale of possible fines in nearly all felony cases. See Chapter 12, 1974 Penal Code.

When the statutes are examined, I find no statute pertaining exclusively to the collectability of fines assessed in felony cases and confinement for failure to pay the same.

Article 43.09, V.A.C.C.P., provides, inter alia, for a discharge of a fine imposed in a *misdemeanor* case by imprisonment in *jail* at a credit of $5.00 dollars. The same is not applicable to felony cases.

In *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the United States Supreme Court held that an indigent may not be jailed because he is unable to pay a fine in a lump sum. The court held that Texas must either afford Tate an alternative means of payment or release him from confinement. As a result, the Legislature amended Articles 42.15, 43.03–43.05 and 45.51–45.52, V.A.C.C.P. (Acts 1971, 62 Leg., p. 2990, ch. 987). Some of these statutes pertain only to fines imposed in misdemeanor cases. Insofar as the others may be interpreted as applicable to felony cases, they do not provide credit at any certain rate for imprisonment for any fine imposed. While Article 43.03, V.A.C.C.P., speaks of a default in payment of a fine, it mentions only imprisonment in *jail*. Article 42.15, V.A.C.C.P., as amended in 1971, provides:

"(a) When the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state.

"(b) When imposing a fine and costs a court may direct a defendant:

"(1) to pay the entire fine and costs when sentence is pronounced; or

"(2) to pay the entire fine and costs at some later date; or

"(3) to pay a specified portion of the fine and costs at designated intervals."[2]

---

2. It must again be kept in mind that when the aforementioned statutes were amended in 1971 this was prior to the effective date of the 1974

Penal Code providing fines for certain felonies. See Chapter 12 of said 1974 Penal Code.

I cannot conclude that in construing § (b) of Article 44.04, supra, the imposition of a fine in a felony case should be taken into consideration in determining whether the "confinement" imposed exceeds 15 years' imprisonment with regard to bail pending appeal.

I would hold that the appellant is entitled by his appeal under the provisions of Article 44.04(b), V.A.C.C.P., and that the trial court is required to set bail pending appeal.[3]

It is true that in addition to his appeal the appellant filed an application for a writ of habeas corpus seeking to invoke the original habeas corpus jurisdiction of this court for purposes of relief. The majority takes note that notice of appeal from the order denying bail was given but contends the appellant did not proceed "in the form of an appeal" (see footnote # 4) and observes that in light of *Ex parte Fowler*, 573 S.W.2d 241, 244 (Tex.Cr.App.1978), the cause cannot be considered as a habeas corpus proceeding but considers the same as an application for writ of mandamus and grants relief. While I agree that appellant is entitled to relief, I cannot agree as to the procedure used.

In *Fowler* this court stated:

"However, the use of habeas corpus to determine the issue of bail on appeal seems to have been supplanted by the provision of Article 44.04, supra, pertaining to bond pending appeal."

The *Fowler* opinion then proceeds to hold that when § (a) is considered in light of § (c) and (d) of the statute it is apparent the trial judge in *Fowler* should have treated the habeas corpus application presented to him as a motion "for reduction of bail under Article 44.04(d)." The *Fowler* court then concluded that since notice of appeal was not given "we do not have jurisdiction to review the matter, and we shall no longer review such matters by habeas corpus since a specific right of appeal is provided."

I would overrule *Fowler* to the extent it holds that the use of habeas corpus has been replaced by Article 44.04(g), supra, providing for an appeal from issues pertaining to bail pending appeal covered by said statute and in declaring a policy of no review in absence of an appeal under Article 44.04, supra.

I begin by noting that "subsection (d)" of Article 44.04, supra, relied upon in part in *Fowler* for the conclusion above stated, is set forth in footnote 1 on p. 244 of the *Fowler* opinion. It is, however, section or subsection (d) of the 1965 version of Article 44.04, supra, not the section or subsection (d) of the 1977 version of said Article 44.04 under consideration in *Fowler*.[4]

Of course, it is a general rule that habeas corpus cannot be used as a substitute for an appeal, but I do not conclude that the inclusion of § (g) in the 1977 amendment of Article 44.04, supra, was intended by the Legislature as a curtailment of the constitutional (Article V, § 5, Texas Const.) or statutory authority of this court to consider applications for writs of habeas corpus involving issues concerning bail pending appeal.

When it provided by § (a) for a separate appeal to this court from any judgment or order of the trial court concerning bail pending appeal with preference being given to such appeals, the Legislature undoubtedly may have been concerned about the new provisions of §§ (c) and (d) providing the

---

3. There is nothing in the record to indicate that bail pending appeal was denied because the trial court had good reason to believe the appellant would not have appeared when his conviction became final or was likely to commit another offense while on bail. See Article 44.04(c), V.A.C.C.P. The court's ruling was based on fact that the fine imposed caused the punishment to exceed 15 years' confinement. See Article 44.04(b), V.A.C.C.P.

4. Article 44.04(d), V.A.C.C.P., as amended in 1977 reads:

"(d) After conviction, either pending determination of any motion for new trial or pending final determination of the appeal, the court in which trial was had may increase or decrease the amount of bail, as it deems proper, either upon its own motion or the motion of the State or of the defendant."

trial judge may deny bail on appeal where the punishment does not exceed 15 years' confinement under certain circumstances or may increase the amount of bail during the pendency of the appeal. I find no evidence that the Legislature intended to make the appeal under Article 44.04, supra, the exclusive method of review of any issue concerning bail pending appeal. The convicted defendant below may file his application for writ of habeas corpus in the trial court regarding bail pending appeal and after hearing may appeal to this court, see Article 44.34, V.A.C.C.P., or he may seek to invoke the original jurisdiction of this court to issue a writ of habeas corpus. The review of the issue of bail pending appeal should not be denied because of the method of review chosen.

If the appeal under Article 44.04(g), supra, is not properly before us as the majority apparently contends, I would grant the relief requested under the original application for writ of habeas corpus and set bail at $5,000.00 dollars pending appeal.

I have some difficulty with the majority embracing *Fowler*'s reasoning that appeal under Article 44.04(g), supra, has supplanted the use of habeas corpus in the determination of issues affecting bail pending appeal and that habeas corpus will no longer be used to review such matters, and then in turn consider the application for habeas corpus as an application for mandamus and then grant relief. Mandamus will lie only where no discretion is involved and only a ministerial act is involved. If here properly utilized, it will not be available in most reviews concerning bail pending appeal.

For the reasons stated, I concur.

W. C. DAVIS and CLINTON, JJ., join in this concurrence.