**Ex parte William E. SPAULDING, III, Appellant.**

**No. 66005.**

Court of Criminal Appeals of Texas, En Banc.

March 11, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Petitioner seeks habeas corpus relief from the trial court's order refusing to set bond pending appeal. On August 31, 1979, petitioner was found guilty by a jury of aggravated rape and punishment was assessed at fifteen years. In denying bail on appeal, the trial court entered an order which recites that based upon the evidence presented during the trial of this case, there is good cause to believe that the petitioner would not appear when his conviction becomes final.[1]

---

1. On original submission, this cause was abated for the trial court to enter findings of fact upon which it based its opinion that petitioner would not appear when his conviction becomes

Art. 44.04(g), V.A.C.C.P., provides as follows:

"The right of appeal to the Court of Criminal Appeals of this state is expressly accorded the defendant for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

In *Ex Parte Fowler*, Tex.Cr.App., 573 S.W.2d 241, it was held that in view of the specific right of appeal as provided for in Art. 44.04(g), supra, matters relating to the issue of bail on appeal would no longer be considered by way of habeas corpus proceedings. In *Fowler*, the defendant's request that bond pending appeal be reduced was denied by the trial court without a hearing being held. Fowler then filed an application for writ of habeas corpus complaining of the trial court's refusal to reduce bail. This Court refused to consider the application and directed the defendant to his appellate rights as provided for in Art. 44.04(g), supra.

This Court's holding in *Fowler* would thus prevent a review of the bail matter which petitioner now seeks to present by way of his application for writ of habeas corpus. The holding of *Fowler* recently came under criticism in a concurring opinion in *Ex Parte Byers*, 612 S.W.2d 534 (No. 65,021, del. 10/22/80). In *Byers*, the petitioner filed an original application for habeas corpus in which it was maintained that the trial court had erroneously denied bond pending appeal. The Court stated that the holding in *Fowler* prevented the use of habeas corpus to review the petitioner's contention. However, relief was granted after the application was treated as one for a writ of mandamus rather than habeas corpus. Mandamus was appropriate in that the trial court had violated its non-discretionary duty to at least consider the petitioner's application for bail.

The concurring opinion in *Byers* stated as follows with regard to *Fowler's* prohibition on the use of habeas corpus to review bail questions (footnote omitted):

final. These findings have now been forwarded to this Court by way of a supplemental tran-

"I would overrule *Fowler* to the extent it holds that the use of habeas corpus has been replaced by Article 44.04(g), supra, providing for an appeal from issues pertaining to bail pending appeal covered by said statute and in declaring a policy of no review in absence of an appeal under Article 44.04, supra.

"I begin by noting that 'subsection (d)' of Article 44.04, supra, relied upon in part in *Fowler* for the conclusion above stated, is set forth in footnote 1 on p. 244 of the *Fowler* opinion. It is, however, section or subsection (d) of the 1965 version of Article 44.04, supra, not the section or subsection (d) of the 1977 version of said Article 44.04 under consideration in *Fowler*.

"Of course, it is a general rule that habeas corpus cannot be used as a substitute for an appeal, but I do not conclude that the inclusion of § (g) in the 1977 amendment of Article 44.04, supra, was intended by the Legislature as a curtailment of the constitutional (Article V, § 5, Texas Const.) or statutory authority of this court to consider applications for writs of habeas corpus involving issues concerning bail pending appeal.

"When it provided by § (a) for a separate appeal to this court from any judgment or order of the trial court concerning bail pending appeal with preference being given to such appeals, the Legislature undoubtedly may have been concerned about the new provisions of §§ (c) and (d) providing the trial judge may deny bail on appeal where the punishment does not exceed 15 years' confinement under certain circumstances or may increase the amount of bail during the pendency of the appeal. I find no evidence that the Legislature intended to make the appeal under Article 44.04, supra, the exclusive method of review of any issue concerning bail pending appeal. The convicted defendant below may file his application for writ of habeas corpus in the trial court regarding bail pending appeal and after hearing may appeal to this court, see

script. The cause is reinstated.

Article 44.34, V.A.C.C.P., or he may seek to invoke the original jurisdiction of this court to issue a writ of habeas corpus. The review of the issue of bail pending appeal should not be denied because of the method of review chosen." *Ex Parte Byers, supra* at 541.

■ We now adopt the concurring opinion in *Byers* and overrule *Fowler* to the extent that it holds that this Court will not review matters pertaining to bail pending appeal by habeas corpus. Such matters may be brought to this Court by appeal under Art. 44.04(g), supra, Art. 44.34, supra, or by original habeas corpus application under this Court's constitutional authority to consider applications for writs of habeas corpus which present issues concerning bail pending appeal. See Art. 5, Sec. 5, Texas Constitution.

In the instant case, the record fails to reflect that notice of appeal was given from the trial court's order denying bail. We will therefore construe petitioner's application as an original habeas corpus action under this Court's constitutional authority to review matters pertaining to bail pending appeal. See *Ex Parte Jackson*, 602 S.W.2d 535.

■ As stated above, the trial court denied petitioner bail pending appeal after finding that there is good cause to believe that petitioner would not appear when his conviction becomes final. Such a finding will not be disturbed by this Court in the absence of an abuse of discretion. *Putnam v. State*, 582 S.W.2d 146.

In support of its finding that petitioner will not appear when his conviction becomes final, the trial court noted that other than his aggravated rape conviction, petitioner had previously been convicted of two felony offenses and had been arrested on numerous occasions. The court further found that petitioner had no ties to the community and had been diagnosed as mentally unstable. There was no evidence of a previous escape, failure to appear or bond forfeiture.

■ In view of the circumstances, we conclude that the trial court abused its discretion in finding good cause to believe that petitioner would not appear when his conviction becomes final. The order of the trial court denying petitioner bail pending appeal is vacated, and the cause is remanded for the trial court to set bail pending appeal in a reasonable amount in accordance with the rules set forth in Art. 17.15, V.A.C.C.P.

It is so ordered.

ODOM, Judge, concurring.

I concur in the disposition of this case, and write only to clarify my understanding of *Ex parte Fowler*, 573 S.W.2d 241, which, in my opinion, need not. be overruled.

In *Fowler*, after discussing the appellate procedure of Art. 44.04(g), V.A.C.C.P., the Court wrote:

"Since notice of appeal was not given, we do not have jurisdiction to review the matter, and we shall no longer review such matters by habeas corpus since a specific right of appeal is provided."

I understand this statement to be a declaration (1) that with no notice of appeal this Court was without appellate jurisdiction over Fowler's case, and (2) as a policy decision this Court would henceforth decline to exercise its discretionary original habeas corpus jurisdiction in this class of cases, because review by appeal is available. The adoption of such a policy does not foreclose an occasional exercise of discretionary original habeas corpus jurisdiction in cases presenting unusual circumstances. Invocation of such original jurisdiction should be in accordance with the rules of this Court. See Art. 44.33, V.A.C.C.P., Rule 7.

Here, due to unusual circumstances which need not be gone into, the habeas corpus application was ordered filed and set under the rules of the Court. To "switch horses" at this stage of the proceedings, and dismiss the case as an appeal without notice of appeal, when to this day it has not been treated by this Court nor by the parties as an appeal would not serve justice.

It is not necessary to overrule *Fowler*, supra, because that case does not say the legislature attempted to oust the constitutional jurisdiction of this Court by creation of a right to appeal. I concur in the discretionary exercise of our original habeas corpus jurisdiction in this case, while I urge adherence to a general policy of declining such review in favor of requiring litigants to pursue the statutory appeal process if review is desired.

ROBERTS and W. C. DAVIS, JJ., join this concurrence.