**Opinion filed February 12, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00338-CR

_____

## BRITNEY NICOLE DOKEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10918-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Britney Nicole Dokey, has filed an appeal from an order in which the trial court denied her request for bail pending appeal.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c), (g) (West 2006); *see also* TEX. R. APP. P. 31.  We vacate and remand.

---

[1]We note that the appeal from the judgment revoking community supervision is currently pending in this court in our Cause No. 11-14-00307-CR.

Appellant had previously been placed on community supervision when she was convicted of the offense of tampering with a governmental record. The State filed a motion to revoke, and Appellant entered a plea of true to the allegations in the motion to revoke. Based upon an agreement between the parties, the trial court revoked Appellant's community supervision and assessed her punishment at confinement in a state jail for seventeen months. After filing a notice of appeal from the revocation, Appellant filed a motion in which she requested that the trial court "set an appeal bond in a reasonable amount" pending the appeal of the judgment revoking her community supervision. The trial court held a brief hearing on the motion, during which it heard testimony from Appellant and then denied Appellant's motion.

Article 44.04 of the Code of Criminal Procedure contains the provisions relating to appeal bonds. *See* CRIM. PROC. art. 44.04. Under that statute, Appellant was eligible to have the trial court consider her for bail pending appeal. *See id.* art. 44.04(b), (c).[2] We review the trial court's determination under Article 44.04 for an abuse of discretion. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). Under that standard, we will not disturb a trial court's decision as long as it

---

[2]Article 44.04 provides in relevant part:

(b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.

(c) Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section, the trial court *may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail*, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

CRIM. PROC. art. 44.04(b), (c) (emphasis added).

was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

At the bond hearing, no evidence was offered other than Appellant's testimony that she was pregnant, that she was having problems with her pregnancy, that she had three children to take care of, that she would live with her father in Merkel if she were released on bond, that she had completed a life skills course, and that her mother also lived in the area. The prosecutor did not cross-examine Appellant, did not present any evidence or argument at the hearing, and did not ask the trial court to take judicial notice of the court's file. After Appellant's testimony, the trial court ruled in open court, "It was a plea bargain case, the judge certified she had no right to appeal, and the Motion for the Appeal Bond is denied."[3] *See* TEX. R. APP. P. 25.2(a)(2), (d). In a conclusion of law, the trial court determined that "[t]his is a plea bargain case, both at the trial level and the revocation of probation level which were all followed by the Trial Judge and the Defendant has no right to appeal."

However, despite Appellant's plea of true and the agreement with respect to punishment, Appellant's revocation of community supervision was not a plea bargain case as reflected in the trial court's certification. The Court of Criminal Appeals has explicitly held that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions." *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The court further stated: "Regardless of whether a court feels that a defendant should be 'bound' by an agreement on a plea of true, the plain language of Rule 25.2(a)(2) does not contemplate that situation." *Id.* Rule 25.2(a)(2) does not limit Appellant's right to

---

[3]We note that the Honorable John Weeks presided over the hearing on the appeal bond, whereas the Honorable Thomas Wheeler had presided over the hearing on the motion to revoke community supervision and had certified that Appellant had no right to appeal from the revocation.

appeal from the judgment revoking her community supervision. *See id.* Thus, Judge Wheeler's certification of Appellant's right to appeal from the revocation of community supervision was "defective." *See id.* at 615; *see also* TEX. R. APP. P. 37.1. Judge Weeks relied on Judge Wheeler's defective certification. Because the certification should have reflected that Appellant had a right to appeal the revocation of her community supervision, Judge Weeks abused his discretion when, in reliance on a defective certification, he denied Appellant's request for an appeal bond.

We vacate the trial court's "Order Denying Appeal Bond" and remand the cause to the trial court to reconsider Appellant's request for an appeal bond.

PER CURIAM

February 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4