**Affirmed and Opinion Filed March 26, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-20-00972-CR**
**No. 05-20-00973-CR**

**DAMON EVANS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-51047-I & F20-51046-I**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

Damon Evans appeals the trial court's order denying his motion for bond pending the direct appeals of his underlying convictions for aggravated assault with a deadly weapon.[1] In two issues, appellant contends the trial court's decision to deny his motion for appeal bond fell outside the zone of reasonable disagreement and therefore constitutes an abuse of discretion. We affirm the trial court's order.

---

[1] His direct appeals, numbers 05-20-00591-CR and 05-20-00592-CR, are currently pending in this Court.

Appellant was charged with two aggravated assaults with a deadly weapon (a knife), each enhanced with a prior felony conviction. After he entered an open plea of guilty to each offense, the trial court found him guilty and assessed punishment at eight years in prison for each offense. After filing timely notices of appeal in the underlying cases, he filed a motion for an appeal bond which the trial court denied.

We review a trial court's decision to deny bail pending appeal for an abuse of discretion. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). When reviewing matters committed to the trial court's discretion, we do not substitute our own judgment for that of the trial court. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Instead, we ask whether the trial court's decision was made without reference to any guiding rules or principles of law; in other words, whether the trial court's decision was arbitrary or unreasonable. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We uphold the trial court's decision as along as it falls within the zone of reasonable disagreement. *Id*.

Under article 44.04 of the Texas Code of Criminal Procedure, a defendant may seek reasonable bail pending appeal if the defendant's punishment is less than ten years and the conviction is for an offense not listed under article 42A.054(a). TEX. CODE CRIM. PROC. ANN. art. 44.04(b). Because appellant was sentenced to eight years in prison in each case and his convictions do not involve offenses listed in article 42A.054(a), appellant was eligible for bail pending his appeals. Nevertheless, article 44.04 provides the trial court with discretion to deny bail if good cause existed

to believe appellant would not appear when his conviction became final or he would likely commit another offense while on bail. *Id*. 44.04(c).

Here, neither appellant nor the State introduced evidence at the bail hearing; rather, they relied on the trial court's previous history with appellant, specifically the May 19-20, 2020 hearing in which appellant was arraigned and pleaded guilty in each aggravated assault case. The State and appellant argued whether appellant was eligible for bail, based on his criminal record, evidence adduced at his May 2020 trial, and his current situation.

The reporter's record from the bail hearing shows appellant has an "extensive criminal history" beginning with a burglary of a habitation in 1998. Although he was initially placed on probation, it was revoked in 2001, resulting in a ten-year sentence. He then returned to prison in 2012 for two assaults on public servant and one attempting to take a weapon from a police officer. He was convicted of his latest offenses, the two aggravated assaults (each with a deadly weapon) in May 2020. In addition, the State noted it dismissed "five terroristic threat cases" which occurred in the same criminal episode as the aggravated assaults.

Appellant argued there were extenuating circumstances in January 2020, the time of the most recent assaults, which caused him distress but were unlikely to reoccur: his brother had just died and he believed his fourteen-year-old daughter was pregnant. He argued he had been sober and compliant with his medications since being incarcerated and that he understood the need to remain so. Nevertheless, he

conceded he had struggled with abusing drugs and alcohol for years and had been noncompliant during those times with respect to his mental health medications. If released on bail, appellant planned on living with his mother.

The State argued appellant should be denied bail for the safety of the community. In particular, appellant "had opportunities in the past to stay the course, take care of his mental health issues, stay on medication, but he was just not compliant, to the point that it became a safety issue to the community when he committed these aggravated assault deadly weapons with pulling a knife after shoplifting." In addition, the State noted appellant's mother, who testified at the May 2020 hearing on his aggravated assault cases, "basically indicated that she had tried and tried to get him to remain compliant on his mental health medications but that he just flat out doesn't listen to her, he just does his own thing."

The trial court heard that appellant has struggled with sobriety and mental health issues while, at the same time, committing numerous felony offenses. In light of appellant's past history, the trial court could reasonably infer that appellant would not remain sober or take his mental health medications while out on bail which would, in turn, make it likely he would commit other offenses. Under these circumstances, we cannot conclude the trial court abused its discretion by denying appellant bail pending appeal in these cases.

We affirm the trial court's order denying bail.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
200972F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAMON EVANS, Appellant

No. 05-20-00972-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F20-51047-I. Opinion delivered by Justice Nowell. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying bond pending the underlying direct appeal.

Judgment entered this 26th day of March, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMON EVANS, Appellant

No. 05-20-00973-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F20-51046-I. Opinion delivered by Justice Nowell. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying bond pending the underlying direct appeal.

Judgment entered this 26th day of March, 2021.