

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00259-CR

———————————————

NATHANIEL MACK BRADLEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F19-2488-16

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Nathaniel Mack Bradley—having been adjudicated guilty of second-degree-felony burglary and sentenced to eight years' incarceration—appeals the trial court's order denying his request for an appeal bond. Because the trial court did not abuse its discretion by denying Bradley's request, we will affirm the trial court's order.

## I. Background

A grand jury indicted Bradley for burglary of a habitation by two alternative means: (1) entering a habitation with the intent to commit assault and (2) entering a habitation and committing or attempting to commit assault. *See* Tex. Penal Code Ann. § 30.02(a)(1), (3). As part of his negotiated plea bargain with the State, Bradley pleaded guilty and judicially confessed to burglary of a habitation as alleged in the indictment. The trial court accepted Bradley's plea, deferred adjudicating Bradley guilty, placed him on eight years' deferred-adjudication community supervision, and assessed a $500 fine.

Just over seven months later, in June 2022, the State moved to proceed to adjudication, alleging that Bradley had violated 17 of his community-supervision terms and conditions in as many paragraphs. At the September 22, 2022 revocation hearing, Bradley pleaded true to the violations as alleged in 14 of the motion's 17 paragraphs.[1] The trial court found the violations as alleged in the 14 paragraphs to

---

[1] The State abandoned the remaining three.

be true, and after hearing evidence, adjudicated Bradley guilty of burglary of a habitation and sentenced him to eight years' incarceration.

Bradley directly appealed the trial court's judgment adjudicating him guilty.[2] He then filed an application for writ of habeas corpus asking the trial court to set a reasonable appeal bond. *See* Tex. Code Crim. Proc. Ann. art. 44.04.

At the hearing on his appeal-bond application, Bradley was the sole witness. He testified that he had lived in the Dallas-Fort Worth (DFW) area for almost four of the nearly five years he had lived in Texas. During his time in the DFW area, Bradley had maintained continuous employment either working in warehouses or working for his uncle. According to Bradley, if he were released on bond, he would start working for his uncle immediately at the same car shop where he had worked for a couple of months before he was arrested in June 2022.

In addition to his uncle, Bradley had other family members in the DFW area: at least one cousin, as well as Bradley's fiancée and their two children. If Bradley were released on bond, he would live with his fiancée in Aubrey and could work to support her and their two children. Bradley stated that his family and friends could help him make bail and that he, his family, and his fiancée could come up with about $2,000 to $3,000.

_____

[2]Bradley's direct appeal is currently pending before this court in *Bradley v. State*, No. 02-22-00232-CR (Tex. App.—Fort Worth filed Oct. 4, 2022).

Bradley admitted that he was arrested for criminal trespass while he was on deferred-adjudication community supervision, but he strongly denied that he had actually committed the offense. He also admitted that he had a prior criminal history:

- a conviction in Dallas County in 2022 for failure to identify;

- a conviction in Denton County in 2021 for failure to identify;

- a conviction in Tarrant County in 2019 for failure to identify; and

- a conviction in Denton County in 2017 for violating a protective order.[3]

When the State asked Bradley if he had been convicted of any criminal offenses while he lived in Louisiana, Bradley responded, "No, I don't think so." At that point, the State asked the trial court to take judicial notice of the testimony and evidence admitted during the adjudication hearing. The evidence at that hearing revealed three Louisiana convictions: (1) simple battery in 2016, (2) resisting an officer in 2016, and (3) criminal trespass in 2017.

In addition to his prior criminal history, Bradley admitted to missing a court date in this case but explained that neither he nor his bail bondsman knew about the court date. He also testified regarding two alleged pretrial bond-condition violations. The first was for failing to keep his GPS monitor's battery charged, and the second was for entering the "exclusion zone"—within 1,000 feet of an address in

---

[3]The State also presented the trial court with a document listing Bradley's criminal history. The trial court and Bradley's attorney reviewed the document, but it was not offered into evidence.

Lewisville—listed in his bond conditions. According to Bradley, the GPS monitor had a "charging issue or something like that," and he agreed that once he got a new monitor, "the charging issue went away." Regarding the second bond-condition violation, when Bradley was asked whether he had any violations for "going someplace [he wasn't] supposed to go," Bradley responded, "No, sir. Except -- not really. I was working for Republican. I would pass by a place in Lewisville. That is about it. I didn't actually go anywhere I wasn't supposed to go."

Just before closing arguments, the trial court took judicial notice of the court's file. Bradley's attorney argued in closing that Bradley was entitled to an appeal bond under Texas Code of Criminal Procedure Article 44.04 and asked the court to set Bradley's appeal bond at $25,000, "with the understanding that he will abide by whatever conditions, in addition to that amount, that you want to place on him." *See generally id.* In its closing argument, the State pointed out that the court's file showed that Bradley had failed to appear for a routine case setting on November 21, 2019, and for a show-cause hearing on August 26, 2021, related to the exclusion-zone bond-condition violation. Both failures resulted in Bradley's pretrial bonds being forfeited.

Bradley's attorney countered that Bradley lives in Aubrey and that the State could not establish that Bradley had notice of those hearings because of the various addresses in the court's file for Bradley in Haslet, Lewisville, and Oak Point. The trial court responded,

5

Well, I think it's incumbent upon the Defendant to make sure the Court has the correct address. And I didn't hear Mr. Bradley say how long he has lived in Aubrey. But it remains his responsibility to communicate with the Court as to where he lives and what his address is.

When Bradley's attorney insisted that there was no order to appear and show cause for the GPS-monitor bond violation, the trial court pointed out that even discounting that alleged violation, the affidavit of fact supporting the second bond-condition violation showed that Bradley had violated the "exclusion zone." The trial court continued,

> When I look at Mr. Bradley's criminal history, I mean, there's numerous, you know, failure to ID to police, family -- or violence type related incidents.
>
> The incident in question in this case involved an assault in the commission of a burglary of habitation. Those are concerning issues for the Court whenever I look at whether or not he's the kind of person who might later commit another offense. Just the comment that we have all of these different addresses for him. The concern is that he's not a stable person.
>
> So how do we know he's going to show up to serve his sentence if he ends up not prevailing on his appeal, which is the basis for the Court's consideration. He does have criminal history. It's not just in this case. There are numerous instances of criminal history. And I just don't have any confidence that he's going to comply with bond conditions.
>
> He's been a bit of a problem to keep up with and to try to make sure that he's following the bond conditions in the case.
>
> . . . .
>
> . . . So I do believe that I have the basis under [Texas Code of Criminal Procedure Article] 44.04(c) to deny bail. And that is what I am going to do. That is what I am doing, okay.

6

The trial court signed an order denying Bradley's appeal-bond application, and Bradley timely appealed.

## II. Standard of Review and Applicable Law

We review the denial of a request for bail pending appeal for an abuse of discretion. *See Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). When reviewing matters committed to the trial court's discretion, we do not substitute our own judgment for that of the trial court. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Instead, we ask whether the trial court's decision was made without reference to any guiding rules or principles of law; in other words, whether the trial court's decision was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We uphold the trial court's decision as long as it falls within the zone of reasonable disagreement. *See Gonzalez*, 544 S.W.3d at 370.

Article 44.04 allows certain defendants convicted of felony offenses to be released on bond pending appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(b)–(c). The primary objective of an appeal bond is to secure the appellant's apprehension if his conviction is subsequently affirmed. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). In weighing bail pending appeal, the trial court should consider factors including the length of the sentence; the nature of the offense; the appellant's work record, family ties, and length of residency; his ability to make bail; his prior criminal record and conformity with previous bond conditions; and any aggravating factors in the offense. *Id.* at 849–50. But a trial court may deny bail

altogether "if there . . . exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail." Tex. Code Crim. Proc. Ann. art. 44.04(c).

## III. Analysis

Here, Bradley was eligible to be released on bond pending appeal given the offense of which he was convicted and the length of his sentence.[4] *See id.* art. 44.04(b)–(c). This, along with his work record, his family ties to the area, his length of DFW residency, and his testimony that he, his family, and his fiancée could come up with about $2,000 to $3,000 for his release on bond pending appeal are factors that might have weighed in Bradley's favor in setting a bond amount. *See Rubac*, 611 S.W.2d 849–50; *Jeanty v. State*, No. 02-21-00207-CR, 2022 WL 1259065, at *2 (Tex. App.—Fort Worth Apr. 28, 2022, pet. ref'd) (mem. op., not designated for publication).

But here, the trial court concluded that good cause existed to believe that Bradley would not appear when his conviction becomes final and that he is likely to commit further offenses while on bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(c). The trial court's concerns about Bradley's failure to appear are supported by evidence

---

[4]In his closing argument, Bradley's attorney argued that Bradley was entitled to an appeal bond, implying that bond was mandatory here. Any such implication is wrong. Bond pending appeal is mandatory in cases in which the defendant has been convicted of a misdemeanor offense. Tex. Code Crim. Proc. Ann. art. 44.04(a). Bradley was convicted of a second-degree felony, so bail in this case was discretionary. *See id.* art. 44.04(b)–(c).

of Bradley's previous failures to appear that resulted in his pretrial bonds being forfeited and Bradley's failing to keep the trial court informed of his current address. The trial court's concerns about Bradley's propensity to commit further offenses while on bail were based not only on the offense giving rise to this conviction but also upon the evidence presented of his prior criminal history in both Texas and Louisiana.

Based on the record before us, we cannot conclude that the trial court abused its discretion by finding that such good cause existed and by denying Bradley's request for bail. *See id.*

## IV. Conclusion

Having concluded that the trial court did not abuse its discretion by denying Bradley's request for an appeal bond, we affirm the trial court's order.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 15, 2022

9