Merrill A. **PUTNAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60977.

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

---

Melvyn Carson Bruder, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order of the trial court that the appellant be held without bail pending his appeal to this Court from a conviction for the offense of theft, in accordance with Article 44.04(c), V.A.C. C.P.

On December 16, 1978, the appellant was convicted of theft by a jury upon his plea of not guilty. Punishment was assessed by the jury at 15 years. On January 5, 1979, the appellant was sentenced. At that time he gave notice of appeal. Bond was set pending appeal at $20,000.00. On January 15, 1979, the appellant posted bond in the amount of $20,000.00, and he was released from custody pending his appeal.

On January 29, 1979, the district attorney filed a motion pursuant to Article 44.04(c), V.A.C.C.P., to hold the appellant without bail pending his appeal. A hearing was held on said motion on February 2, 1979, after which the trial court sustained the district attorney's motion and ordered the appellant held without bail pending his appeal.

Appellant's first ground of error alleges that Article 44.04(c), supra, is violative of Article III, Section 35 of the Texas Constitution in that the caption of the amendatory act did not give fair notice of the real subject matter of the amendatory act, nor did it give fair notice of the drastic changes in the right to bail pending appeal.

Prior to the 1977 amendment in question, Article 44.04 provided, in pertinent part, that any defendant convicted of a felony, whose punishment is assessed at a fine or confinement not to exceed 15 years, shall be entitled to bail pending appeal of his conviction. Article 44.04 was amended in 1977 by Senate Bill No. 52, 1977 Tex.Gen.Laws, ch. 234, at 636, the caption of which provided as follows:

BAIL PENDING APPEAL OF
CRIMINAL CONVICTION

CHAPTER 234

S.B.No. 52

An Act relating to bail pending appeal or disposition of a motion for new trial;

providing for appeal of certain judgments or orders; amending Article 44.-04, Code of Criminal Procedure, 1965; and declaring an emergency.

Article 44.04 was amended to read in pertinent part as follows:

Art. 44.04. Bond Pending Appeal

\* \* \* \* \* \*

(c) Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, . . .

As can be readily determined, the 1977 amendment to Article 44.04 altered the Article to the extent that in felony cases where the punishment assessed does not exceed 15 years' confinement, a defendant may be denied bail pending appeal. Prior to the effective date of the 1977 amendment, no defendant whose punishment had been assessed at a fine or confinement not exceeding 15 years or both could be denied bail pending appeal.

Article III, Section 35 of the Texas Constitution provides in pertinent part:

. . . But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

Appellant alleges that the caption to the amendatory act amending Article 44.04, supra, failed to put the public or Legislature on notice of the changes enacted by the amendment in the said statute.

It is clear that Article III, Section 35 of the Texas Constitution is entitled to a liberal construction so as to uphold the caption or title of an act rather than giving the constitutional provision a strict construction which would lead to striking the act or a part thereof. *Fletcher v. State,* 439 S.W.2d 656 (Supreme Court of Texas); *Castellano v. State,* Tex.Cr.App., 458 S.W.2d 73. However, a "somewhat stricter rule of conformity of title to subject matter legislated on in the body of the act is applied to amendments than to titles of original acts." *White v. State,* Tex.Cr.App., 440 S.W.2d 660. The Supreme Court of Texas held in *Smith v. Davis,* 426 S.W.2d 827, that

There is no constitutional requirement that the caption of an amendatory act set out exactly what changes were made in the amended act, *Shannon v. Rogers,* [159 Tex. 29, 314 S.W.2d 810], so long as the subject of the amendatory act is not "remote" from the subject of the original act, as in *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722 (1955). "It would be burdensome if not intolerable to require the title [or caption of an act] should be as full as the act itself. The word 'title' implies that no such requirement exists." *Central Education Agency v. Independent School District,* 152 Tex. 56, 254 S.W.2d 357 (1953). It is not necessary that the caption of an amendatory bill apprise the reader of the precise effects of the body of the bill, so long as the general subject of the amending bill is disclosed. Compare *Shannon v. Rogers,* 159 Tex. 29, 314 S.W.2d 810 (1958) with *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722 (1955). . . .

Such a comparison discloses that the basic difference between the decisions in *Shannon,* supra, and in *Board of Water Engineers,* supra, is that in the former the caption of the amendatory act disclosed the general subject of the amending bill and the subject was not remote from that of the original act, whereas in the latter case the caption of the amendatory act failed to reveal that the agencies authorized by the original act to furnish water for municipalities were, for the first time, by the amendment prohibited from diverting water from the watersheds of two specified public streams. Because the added subject was not germane to the subject of the original act, and had not been announced in the caption, the amendatory act in the latter case was held invalid under Section 35 of Article III.

In the instant case the caption specifically named and identified the statute being amended, and the amendment in question was germane to the subject matter of the original act. *Shannon v. Rogers,* supra.

However, appellant relies on *White v. State,* supra, for the proposition that failing to mention the changes in Article 44.04(c) regarding denial of bail in the amendatory caption constituted error. Appellant's reliance on *White,* supra, is misplaced. *White* was decided under another application of amendatory caption construction which goes beyond the wording of the amendatory title under attack in this case. In *White,* this Court held that

. . . when the title of an original act embraces matters covered by an amendment, the title or caption of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment, . . .

A title that is not, however, content to state a purpose to amend a certain statute but proceeds to specify the particular field an amendment is to cover *or states a purpose to make a certain change in the prior law, that is not merely descriptive of the matter to which the law relates,* limits the amendatory act to the making of the change designated, and precludes any additional, contrary or different amendment. (Emphasis added)

An example of this was cited in *Rotner v. State,* 122 Tex.Cr.R. 309, 55 S.W.2d 98, which dealt with the title of an act amending old Article 1316, V.A.P.C. In *Rotner,* supra, this Court said:

. . . There was a material change in the penalty. The caption of the amendatory act restricted the purpose of the bill to a change in the definition of the offense. The framers of the bill thus informed the public and their fellow legislators that the purpose of the bill was to change the definition. In changing the penalty, the bill went beyond the express limitation of its caption, and, under section 35 of article 3 of our Constitution and authorities, this destroyed its effectiveness as a law. . . .

The caption to the 1967 act amending the Dangerous Drug Act, Article 726d, V.A. P.C., which we declared violated Article III, Section 35 of the Constitution under the above application of statutory construction, was worded as follows:

An act to include lysergic acid diethylamide and other hallucinogens in the list defining "dangerous drugs," and specifying its possession to be an unlawful act; providing that the illegal sale, manufacture, or furnishing of any dangerous drug is unlawful; amending Subsection (a) of Section 2, Subsection (d) of Section 3 and Section 15, Chapter 425, Acts of the 56th Legislature, Regular Session, 1959, as amended (Article 726d, Vernon's Texas Penal Code); and declaring an emergency.

The body of this act did include hallucinogens within the definition of dangerous drugs and made their possession an unlawful act, but at the same time it made substantial changes in the penalty provisions of the Dangerous Drug Act.

In *White,* supra, before analyzing the above caption we stated, "Further, it must be remembered that the title or caption in question chose to specify the field the amendment is to cover." Because of that fact, we held

. . . The language of the 1967 act clearly imports that the act is to be amended in the stated particulars. No fair notice was given of any intent to make the drastic and radical changes in the penalty provisions that were made or to eliminate penalties for other offenses provided for by the act being amended, and which goes a long way in destroying the very effect of the stated policy and intent of the overall act. Article 762d, Sec. 1, V.A.P.C.

The caption in *White,* supra, thus limited itself to certain particulars and in changing the penalty provisions involved went beyond the caption's restrictive purpose.

The amendatory title to Article 44.04 does not fall under the rationale of *White,* supra. Here the title was "content to state a purpose to amend a certain statute," *White,*

supra at 665, and disclosed the general subject of the amending bill, with the only statutory construction restriction that the subject of the amendatory act not be remote from the subject of the original act. *Smith v. Davis,* supra. The denial of bail included in Article 44.04(c) is certainly not "remote" from the subject of the original act which was, simply stated, bail pending appeal.

We hold that the caption of the amendatory act was sufficient to meet the requirements of Section 35, Article III, of the Constitution. Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges that Article 44.04(c), V.A.C.C.P., is unconstitutional in that it is indefinite, vague, and uncertain with respect to the denial of bail pending appeal in cases where the punishment does not exceed 15 years' confinement.

The 1977 amendment to Article 44.04 provides, in pertinent part, that a trial court may deny bail to a defendant otherwise entitled to bail pending appeal "if there then exists good cause to believe that the defendant . . . is likely to commit another offense while on bail." Article 44.-04(c), supra.

The appellant complains that because Article 44.04(c), supra, does not define "good cause to believe," it does not give notice to the defendant of what he may need to establish to assure his right to remain on bail pending appeal. We find this complaint without merit.

As was stated in *Boyce Motor Lines Incorporated v. U. S.,* 342 U.S. 337 at 340, 72 S.Ct. 329 at 331, 96 L.Ed. 367 (1952), "Most statutes must deal with untold and unforeseen variations in factual situations." To require elaborate specificity as to what constitutes "good cause to believe" would undermine the efficacy of the statute. The ingenuity of humans would quickly learn ways to circumvent the specific proscriptions.

The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. *Sproles v. Binford,* 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932).

Black's Law Dictionary (Revised 4th Ed., 1968) defines "good cause" as "Substantial reason, one that affords a legal excuse. Legally sufficient ground or reason." We find that the term "good cause to believe" as used by the Legislature does find "adequate interpretation in common usage and understanding." *Sproles v. Binford,* supra. The failure to specifically elaborate what "good cause to believe" entails does not render this statute void for vagueness and indefiniteness.

Appellant's attack on the term "good cause to believe" is too narrowly confined. Article 44.04(c), supra, limits this discretionary belief in that it must be grounded in evidence that the defendant "is likely to commit another offense while on bail."

We hold that Article 44.04(c), supra, is not indefinite, vague, and uncertain with respect to the denial of bail pending appeal in cases where the punishment does not exceed 15 years' confinement. Appellant's second ground of error is overruled.

■ Appellant's third and fourth grounds of error argue that the evidence was insufficient to show that appellant *committed* another offense while on bail and even if it was sufficient to show theft, evidence that appellant *committed* another offense while on bail does not satisfy the requirement of Article 44.04(c), supra, that the defendant may be denied bail if he is found *likely to commit* another offense while on bail (emphasis added).

The proof adduced at the hearing held upon the State's motion showed that on December 21, 1978, the appellant purchased a diamond ring and a chain from Eva Sargent and that he paid for such items with a personal check in the amount of $1,609.13 and another personal check in the amount of $31.50. On January 3, 1979, the checks which the appellant had given to Eva Sargent on December 21, 1978, were returned to Mrs. Sargent by her bank with the nota-

tion "Returned Unpaid Account Closed." It is undisputed that the appellant never redeemed the two checks from Mrs. Sargent. Further evidence showed that the account on which the two checks in question were drawn had been closed by the bank on October 12, 1978, because it had been overdrawn since September 26, 1978. Notice of the closing of the account was mailed to the defendant at the post office address which he furnished to the bank at the time the account was opened and which was still in use at the time of the hearing. The defendant presented no evidence.

The evidence adduced in the hearing that the appellant *did* commit another offense while on bail far exceeds the statutory requirement that the court find only that he *is likely to commit* another offense while on bail, and we hold that this evidence fully supports the appellant's denial of bail pending appeal. No abuse of discretion is shown by the trial court's conclusion that the appellant is likely to commit another offense while on bail. Appellant's third and fourth grounds of error are overruled.

The judgment is affirmed.

ODOM, J., concurs in the result.