Ex parte Michael Ashley NYCUM.

No. 66938.

Court of Criminal Appeals of Texas, Panel No. 3.

April 1, 1981.

Rehearing Denied April 29, 1981.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Alvin M. Titus, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

---

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order entered in a habeas corpus proceeding in the 208th Judicial District Court of Harris County denying appellant bail pending appeal.

The record reflects that on December 10, 1979, appellant received a five year sentence as a result of his conviction for burglary of a habitation with intent to commit theft. On August 27, 1980, bail pending appeal was set at $20,000.00. On December 2, 1980, the State filed a motion requesting that the previous order allowing bail be rescinded and that the court deny bail pending appeal. At the conclusion of a hearing held on the State's motion, the court denied bail pending appeal based upon a finding that appellant would be likely to commit another offense if released on bail pending appeal.

Appellant contends the court abused its discretion in denying bail pending appeal. He maintains the State "introduced no new evidence to support the trial court's revoking and raising his bail to no bail."

During the habeas hearing, the State presented evidence of appellant's sixteen prior felony convictions. Eight of those convictions were for burglary, five for theft, one for attempted burglary and two for forgery. The State further showed that appellant was arrested and indicted for a burglary which was allegedly committed on November 4, 1980, while he was on appeal bond in the instant cause.

Appellant relies on *Mayo v. State*, Tex.Cr. App., 611 S.W.2d 442, in which it was concluded that the court abused its discretion in raising the defendant's bail pending appeal. In *Mayo*, the State produced no evidence at the hearing which concluded with an order increasing bail. Appellant urges that the instant case is similar to *Mayo* in that at the time $20,000.00 bond was set, evidence of appellant's prior convictions was before the court. With regard to his arrest and indictment for burglary some nine weeks after being released on appeal bond, appellant argues that the State failed to prove that he actually committed the offense for which he stands charged.

Art. 44.04(c), V.A.C.C.P., provides in pertinent part:

"Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final *or is likely to commit another offense while on bail ...*" (Emphasis supplied).

In *Putnam v. State*, 582 S.W.2d 146 this Court held that "No abuse of discretion is shown by the trial court's conclusion that the appellant is likely to commit another offense while on bail" where it was shown that appellant had committed another offense while on bail. In reaching this conclusion, it was noted:

"The evidence adduced in the hearing that the appellant did commit another offense while on bail far exceeds the statutory requirement that the court find only that he is likely to commit another offense while on bail ..."

Thus, despite appellant's contention to the contrary, it was not necessary for the State to prove that appellant actually committed the November 4, 1980, burglary. Moreover, there is no support in the record for appellant's contention that the court was aware of his sixteen prior convictions at the time the $20,000.00 appeal bond was set.

Under the foregoing evidence we conclude that the trial court did not abuse its discretion in concluding that appellant is likely to commit another offense while on bail and rescinding the earlier order allowing appeal bond. No error is shown in the court's denial of bail for appellant pending appeal.

The judgment is affirmed.

TEAGUE, J., dissents.