James Lee PRESTON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–84–858–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 10, 1985.

Douglas O'Brien, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Brad Beer, Asst. Dist. Attys., Houston, for appellee.

J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant pled guilty and was convicted by the trial court for the felony offense of conspiracy to deliver cocaine in an amount in excess of 400 grams. After a pre-sentence investigation, the court assessed punishment at fifteen years and one day in the Texas Department of Corrections and a fine of $1,000.00. We affirm.

In his sole ground of error, appellant argues that the caption of the 1983 amendment to the Texas Controlled Substances Act, TEX.REV.CIV.ANN. art. 4476–15 (Vernon 1976), violates Article III, Section 35 of the Texas Constitution because it fails to provide reasonable readers with notice that the amendment incorporates Title 4 of the Texas Penal Code into the provisions of the Act.

Article III, Section 35 provides as follows:

> No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

Tex. Const. Art. III, § 35. The reason underlying the constitutional requirement that titles of bills express their subjects is to:

> advise the Legislature and the people of the nature of each particular bill so as to prevent the insertion of obnoxious clauses which might otherwise be engrafted on it and become law. Fraud and deception are rendered less likely if the caption or title of an act, which is often the only part of the bill read by busy members of

the Legislature, fully apprises members of the contents of the bill itself.

*White v. State,* 440 S.W.2d 660, 664 (Tex. Crim.App.1969) (citations omitted). Article III, Section 35 requires an act's caption to be "specific enough to give a reasonable reader fair notice of the subject and contents of the bill." *Ex parte Crisp,* 661 S.W.2d 944, 946 (Tex.Crim.App.1983) (citations omitted), *reh'g den'd,* 661 S.W.2d 956. Titles to acts should be liberally construed so as to uphold their constitutionality if possible. *Id.; see also Stein v. State,* 515 S.W.2d 104 (Tex.Crim.App.1974); *White v. State,* 440 S.W.2d at 665. Further, the caption of an amendatory act must conform somewhat more strictly to the subject matter of its body than must the caption of an original act. *Ex parte Crisp,* 661 S.W.2d at 946; *White v. State,* 440 S.W.2d at 665.

■ Given these general principles, we turn now to the caption of the 1983 amendment to the Controlled Substances Act, promulgated by the 68th Legislature as House Bill No. 1191. The caption provides the following:

> AN ACT relating to the revision, recodification, and reenactment of substantive and procedural laws (including, but not limited to, administrative and enforcement provisions) concerning the manufacture, distribution, dispensing, possession, and delivery of marihuana, controlled substances, and drug paraphernalia; providing penalties; amending, recodifying, and reenacting Sections 1.02, 3.08, 4.01, 4.011, 4.012, 4.03, 4.031, 4.032, 4.04, 4.041, 4.042, 4.043, 4.05, 4.051, 4.052, 4.12, 5.03, 5.05, 5.06, 5.07, 5.08, and 5.081 of the Texas Controlled Substance Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); adding a new Section 4.053 to Subchapter 4 of the Texas Controlled Substance Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); amending and reenacting Section 3f(c), Article 42.12, Code of Criminal Procedure, 1965, as amended; amending and reenacting Articles 44.-04(b) and (c), Code of Criminal Procedure, 1965, as amended; repealing Sections 4.01(c) and (d), Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); including a saving clause; providing for expiration of certain provisions of the Texas Controlled Substances Act if not reenacted on or before December 31, 1985; and declaring an emergency.

Ch. 425, 1983 Tex.Gen.Laws 2361.

Appellant argues the title is faulty because it incorporates Title 4 of the Penal Code into the body of the amendment without fair notice. Appellant relies on the plurality opinion in *Ex parte Crisp,* 661 S.W.2d at 944. However, on rehearing, the Court of Criminal Appeals adopted Judge Clinton's concurrence. *Ex parte Crisp,* 661 S.W.2d at 956. In *Crisp,* the court determined that the caption of H.B. 730, the 1981 amendment to the Controlled Substances Act and this amendment's predecessor, was unconstitutional because it failed to give notice of its proposed content. *Ex parte Crisp,* 661 S.W.2d at 950. That caption provided only that it was "[a]n [a]ct relating to offenses and criminal penalties under the Texas Controlled Substances Act." Judge Clinton pointed out in his concurring opinion that the title failed to even tell readers that it was to *amend* any part of the Controlled Substances Act. *Id.* He went on to say:

> As stated it [the caption to H.B. 730] gives no hint of what is its "general purpose"—its proposed content. Facially abstract and ambiguous, the caption fails to convey to the reader that character and quality of information the first sentence of § 35 requires for fair notice to "legislator, lawyer, or 'man on the street.'"

*Id.*

Appellant's reliance on *Crisp* is inappropriate. We are not dealing with a facially abstract and ambiguous title. The caption to H.B. 1191 specifically states its "general purpose" and proposed content.

Appellant's misplaced reliance on *Crisp* notwithstanding, the gist of his argument focuses on the fact that the caption to H.B. 1191 fails to state particularly that Title 4

of the Penal Code is to be incorporated into the body of the Act as amended, recodified and reenacted Section 4.011. That section states that "[t]he provisions of Title 4, Penal Code, apply to Section 4.052 and offenses designated as aggravated offenses under Subchapter 4 of this Act, except that the punishment for a preparatory offense is the same as the punishment prescribed for the offense that was the object of the preparatory offense." The issue before us, then, is whether this failure renders the caption unconstitutional as violative of Article III, Section 35. We hold that it does not. The Supreme Court of Texas has held in *Smith v. Davis*, 426 S.W.2d 827 (Tex.1968), that:

> The purpose of a title is to give a general statement of, and call attention to, the subject matter of an act, so that legislators may be apprised of the subject of the legislation. *With amendatory bills, it is settled that reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act.* (Citations omitted).

*Id.* at 833. (Emphasis supplied).

It is not constitutionally necessary for the caption of an amending act to set out exactly what changes were made in the body of the act amended, so long as the subject of an amending act is germane to, or not too remote from, the subject of the original act. *Id.* The Court of Criminal Appeals held in *Putnam v. State*, 582 S.W.2d 146 (Tex.Crim.App.1979), that the caption to an amendment of Article 44.04 of the Code of Criminal Procedure (the provision dealing with the right to bail on appeal) did not violate Article III, Section 35 and extensively quoted the language of *Smith v. Davis*.

Furthermore, this case may be distinguished from *White v. State*, 440 S.W.2d at 660, since this caption is "content to state a purpose to amend a certain statute," and does not "[proceed] to specify the particular field the amendment is to cover or [state] a purpose to make a certain change

in the prior law," as did the caption in *White*. *Id.* at 665. No new substantive matter not germane to the Controlled Substances Act was included in the amendatory act before us. As in *Putnam*, this caption simply states that it is to amend, recodify and reenact, *inter alia*, the Texas Controlled Substances Act. The contents of that Act include penalty provisions. TEX.REV.STAT.ANN. art. 4476-15, §§ 4.01–4.13 (Vernon's Supp.1985). The incorporation of Title 4 of the Penal Code is not too remote from the subject matter of the original act. Appellant's ground of error is overruled.

Accordingly, the judgment of the trial court is affirmed.