**Christopher J. DE MANGIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0106–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 1985.

J. Gary Trichter, Nelson & Mallett, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., James C. Brough, William James Hawkins, Jr., Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

**OPINION**

HOYT, Justice.

On a plea of nolo contendere, the court found the appellant guilty of the misde-

meanor offense of driving while intoxicated and assessed his punishment at 60 days confinement in the Harris County Jail, probated for two years and a $200 fine.

Upon being arrested in the early morning hours of October 13, 1984, appellant was taken to the Bear Creek Substation of the Harris County Sheriff's Office. After being placed in a video interrogation room by the interrogating officer, the appellant was informed that everything was being electronically recorded on videotape and that he could exercise his *Miranda* rights at any time. On two occasions thereafter, the officer informed appellant of the DWI statutory admonition and requested that he submit to a breath test. Each time, appellant asked if he could first call a lawyer. He was told, "You can call one but I'm not going to wait on an attorney." Appellant then stated that he did not have an attorney and asked for advice from the officer. He was told he had three choices:

1) He could refuse the test and go to jail and also automatically lose his license for 90 days because of that refusal (paraphrased);

2) He could take the test and pass, and that he probably would be released (paraphrased); or,

3) He could take the test and fail and be charged with the offense of DWI (paraphrased).

Appellant could not decide what he should do, so the interrogating officer told him he had to make an immediate decision or his indecision would be taken as a test refusal, resulting in automatic arrest. Believing he had no real choice, the appellant consented to the intoxilyzer test, which indicated an alcohol concentration of .23.

The appellant filed a motion to suppress the results of the intoxilyzer test. After a hearing, the court denied the motion to suppress, and appellant waived his right to a jury trial and pleaded nolo contendere to the court.

■ In ground of error two, the appellant contends that Senate Bill 1, which amended Tex.Rev.Civ.Stat.Ann. art. 6701*l* –1 (Vernon 1977), violated art. III, sec. 35 of the Texas Constitution because the bill's caption failed to give adequate notice of the bill's contents.

The caption to Senate Bill No. 1 reads as follows:

*AN ACT relating to offenses of driving while intoxicated,* involuntary manslaughter involving the use of a motor vehicle, criminally negligent homicide, and allowing a dangerous driver to borrow a motor vehicle; providing for visual recording of a person arrested in certain counties, for tests and trial procedures for dealing with an accused person, for jurisdiction of misdemeanor DWI cases, and for the criminal and civil consequences of a conviction of offenses covered by this Act, including suspension, revocation, or denial of a driver's license, insurance consequences, and forfeiture of or prohibition of sale of motor vehicles; imposing and changing penalties; amending Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes), by adding Section 4A and amending Subsections (a), (b), and (d), and adding Subsections (e), (f), (g), and (h), Section 24; *amending 67011–1, Revised Statutes, as amended;* amending Sections 1, 2, 3, Chapter 434, Acts of the 61st Legislature, Regular Session, 1969, as amended (Article 67011–5, Vernon's Texas Civil Statutes); amending the Code of Criminal Procedure, 1965, as amended, by amending Article 4.05 and adding Article 4.17, and amending Section 1, Article 38.33; amending Subsection (a) and adding Subsection (d), Section 3d; and amending Sections 4, 6, 6b, and 7; and Subsection (a), Section 10A, Article 42.12; and amending Article 42.-13 by amending Subsection (a), Section 3B, as added by Section 1, Chapter 807, Acts of the 66th Legislature, 1979; amending Section 3d by amending Subsection (a) and adding Subsection (d); amending Sections 3a, 4, 6, 6b, 6c, and 7; adding Article 5.03–1, Insurance Code; amending the Family Code by adding Section 54.042; amending Subsection (a),

Section 143A and repealing Section 50, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes); adding Articles 67011–6 and 67011–7 to Chapter 1A, Title 116, Revised Statutes; repealing Article 67011–2, Revised Statutes; and Chapter 436, Acts of the 52d Legislature, 1951 (Article 67011–3, Vernon's Texas Civil Statutes). Ch. 303, 1983 Tex.Gen.Laws 1568 (emphasis added).

The appellant contends that close examination of this caption reveals that the amendments concern numerous topics and statutes, but fails to give adequate notice of the effect of the bill. Furthermore, he urges it is overly broad, vague, and misleading requiring a declaration that it is unconstitutional in its entirety because it does not have a saving clause.

■ The State, however, contends that all of the amendments do not apply to article 67011–1, but to other new statutes or amendments. It is further contended that the caption stated only that article 67011–1 was being amended, and that where the subject of the amendment is not remote from the subject of the original act, the caption of the amendment is not required to specify the nature of the proposed amendment. *White v. State,* 440 S.W.2d 660, 665 (Tex.Crim.App.1969). We agree.

The stricter rule that the title must conform to the subject matter content does not apply to amendments. *Putnam v. State,* 582 S.W.2d 146, 148 (Tex.Crim.App.1979). Therefore, Article III, Section 35 of the Texas Constitution is inapplicable so long as the subject of the amendatory act is not "remote" from the subject of the original act. *Id.* (citing *Smith v. Davis,* 426 S.W.2d 827, 833 (Tex.1968)).

In the case at hand we are concerned with an amendatory act, not an original enactment. Cases cited by the appellant relating to original enactments are inapplicable to the question raised here. If the title apprises the reader of the general subject of the amending bill, it is constitutional. *Id.* We hold that the language,

"AN ACT relating to offenses of driving while intoxicated ...; amending 67011–1, Revised Statutes, as amended; ..." was sufficient notice to the reader of the general subject of the amending bill. This title simply states that it was amending a certain statute and did not proceed to specify the particulars being amended, thereby not subjecting itself to a stricter scrutiny. *White,* 440 S.W.2d at 665. Ground of error two is overruled.

■ In his first ground of error, appellant contends that the trial court erred in not suppressing the intoxilyzer test result, because the test violated his right to assistance of counsel.

Appellant premises his argument on the proposition that the "breath-test request" period is a critical stage of the prosecution. To support this premise, he cites *Forte v. State,* 686 S.W.2d 744 (Tex.App.—Fort Worth 1985, pet. granted) and adopts by reference the arguments made in briefs filed with this court in the case of *McCambridge v. State,* 698 S.W.2d 390 (Tex.App. —Houston [1st Dist.] Aug. 29, 1985, pet. filed). In *Forte,* the court concluded that the stage prior to the blood-alcohol test is a critical one in the pre-trial proceeding because the accused is told that he may remain silent and consult an attorney, but is asked at the same time to give a specimen of his breath or blood. 686 S.W.2d at 753–54. Acknowledging that with the passage of time, alcohol is eliminated from the blood through normal bodily processes, the court held that any person asked to submit to a blood-alcohol test "shall have the right to consult with a lawyer of his own choosing before making that decision, provided that such consultation does not unreasonably delay the administration of the test." 686 S.W.2d at 754.

Since appellant filed his brief in this case, a decision was reached in *McCambridge.* This court found that the constitutional right to assistance of counsel attaches when adversary judicial proceedings are initiated. It is only at critical confrontations that counsel is needed to protect the right to a fair trial. The court further found that the results of blood-alcohol con-

tent tests were not testimonial communications that would support a claim that the constitutional right to counsel had been denied. We adhere to this holding. Therefore, the accused is not entitled to consult an attorney concerning whether to take the breath test, because the breath test is not a testimonial communication, but instead is a preparatory step, not constitutionally protected in the State's gathering of evidence. *Id.*

A person who is arrested for driving on a public highway while intoxicated is deemed to have consented to the taking of breath or blood specimens for determining alcohol concentration in the body. Tex.Rev.Civ. Stat.Ann. art. 6701*l*–5, sec. 1 (Vernon Supp.1985). This deemed consent is an even more compelling reason to consider this a preparatory step and not a critical stage. While it is true that the accused is placed on the "horns of a dilemma," *Forte*, 686 S.W.2d at 753, a clear distinction exist between the privilege of having a driver's license and the *right* to drive after a license is secured.

Ground of error one is overruled.

The judgment of the trial court is affirmed.

JACK SMITH and DUGGAN, JJ., also participating.