*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00533-CR

**EX PARTE** Mark **REASOR**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 1996-CR-2415
Honorable Catherine Torres Stahl, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:   January 7, 2009

AFFIRMED

This is an appeal from a trial court's order denying bail pending the appeal of an order

revoking community supervision. We affirm the trial court's order.

**BACKGROUND**

Mark Reasor pleaded guilty to the offense of possession of cocaine between 200 and 400

grams and received a ten-year term of community supervision on May 1, 1997. During early 2007,

the trial court held a hearing and revoked Reasor's community supervision based on an application

filed by the State. The trial court sentenced Reasor to six years imprisonment, and Reasor gave

notice of his intent to appeal the court's revocation order. Reasor also requested bail pending his

appeal of the trial court's revocation order.

At the hearing on Reasor's motion to set bail, Reasor urged the trial court to grant his request for an appeal bond. Reasor testified that he has strong family and community ties. He stated that he and his family are life long residents of San Antonio, and noted that he has two minor children to support. Reasor testified he performed construction work prior to the revocation of his community supervision and stated his family and friends are willing to help him find gainful employment if granted bail pending appeal. He also informed the court that he has complied with the conditions of his previously set bonds.

The State argued that Reasor was not eligible for bail because no statutory provision allows for bail pending the appeal of an order revoking community supervision. Alternatively, the State argued that Reasor was not suitable for bail given the substantial likelihood that he would commit another offense while on bail. The State elicited testimony that while Reasor was on bond pending his appeal of the trial court's original decision to place him on community supervision, he violated federal drug law by possessing more than 500 grams of cocaine.[1] The State also elicited testimony that Reasor had violated state law while serving his term of community supervision by committing the offense of theft.

The trial court ultimately denied Reasor's request for bail pending appeal. The court denied Reasor's request based upon its belief that it was "[w]ithout any statutory authority to give him an appeal bond." Reasor brought this appeal following the trial court's denial of his request for bail pending appeal.

---

[1] Reasor was placed on probation for his federal drug offense. The record indicates that Reasor subsequently violated the terms of his federal probation by testing positive for a controlled substance.

**STANDARD OF REVIEW**

We will not disturb a trial court's decision to deny bail pending appeal absent an abuse of discretion by the trial court. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981). "In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld." *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007); *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); *Calloway v. State*, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988).

**DISCUSSION**

Reasor argues the trial court committed reversible error when it denied his request for bail pending appeal based upon an erroneous assumption that it had no authority to grant bail to a defendant appealing an order revoking community supervision. While we agree with Reasor that the trial court incorrectly concluded that it had no authority to grant bail to a defendant pending the appeal of an order revoking community supervision, we cannot say such error constituted reversible error under the circumstances presented.

In Texas, the Legislature has made provision for defendants, like Reasor, to seek reasonable bail pending appeal. Article 44.04(b) of the Texas Code of Criminal Procedure provides that a "defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged." TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (Vernon 2006). Here, it is undisputed that Reasor's sentence does not equal or exceed 10 years confinement. His conviction also did not involve a Section 3g(a)(1) offense. Given these circumstances, Reasor was eligible to

have the trial court consider him for bail pending appeal. *See id.*; *see generally Shockley v. State*, 717 S.W.2d 922, 923-25 (Tex. Crim. App. 1986) (Miller, J., concurring) (referencing the original text of *Hunter v. State*, No. 770-85 (Tex. Crim. App. Oct. 23, 1985), an opinion withdrawn on the State's motion for rehearing, which acknowledged that a defendant pursuing an appeal of an order revoking probation is eligible for bail pending appeal if he does not fall within the categories of individuals who may be denied bail under article 44.04(b)).

Although we believe the trial court was mistaken in its belief that it had no authority to grant Reasor bail pending the appeal of the order revoking his community supervision, we nonetheless uphold the court's decision to deny Reasor bail because the decision is correct under the law applicable to the case. Article 44.04(c), which applies to the case at bar, provides that a "trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant . . . is likely to commit another offense while on bail." TEX. CODE CRIM. PROC. ANN. art. 44.04(c). The record shows that not only did the trial court hear evidence at the bail hearing that Reasor was prosecuted for committing a federal drug offense while on his previously set appeal bond, it also heard evidence that he committed the offense of theft after his state supervisory period had commenced. These additional criminal acts committed by Reasor undoubtedly establish good cause to believe that he would commit a new offense while on bail. *See Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex. Crim. App. 1981) (holding no abuse of discretion in denying bail pending appeal where appellant committed another offense while on bail); *Ex parte Turner*, 612 S.W.2d 611, 612 (Tex. Crim. App. 1981) (holding no abuse of discretion in denying bail pending appeal where appellant engaged in criminal conduct while serving his term of community supervision). Because the trial court's decision to deny Reasor bail is correct under the law applicable to his case, we may

not disturb the court's decision on appeal. *See Calloway*, 743 S.W.2d at 651-52 ("Further, it is well established that the mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case it will not be disturbed."). Appellant's sole issue on appeal is therefore overruled.

## CONCLUSION

Based on the foregoing, the trial court's order denying Reasor bail pending appeal is affirmed.

Catherine Stone, Chief Justice

Publish