# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00770-CR

**Jamie Edward Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 09-1868-K368, THE HONORABLE BURT CARNES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Jamie Edward Johnson was convicted by a jury of possession of a controlled substance, namely, less than one gram of methamphetamine. *See* Health & Safety Code Ann. §§ 481.102(6), 481.115 (West Supp. 2010). Due to prior felony convictions, the punishment range was enhanced and the jury assessed punishment at seven and one half years in prison and a $2,000 fine. *See* Tex. Penal Code Ann. § 12.42(a) (West 2011). Johnson now appeals the denial of his post-conviction motion for reasonable bail pending appeal.[1] Finding no abuse of discretion, we affirm the trial court's order.

---

[1] In his brief, this complaint is raised as the tenth point of error. Johnson initially filed a notice of appeal and, after the trial court denied his motion for an appeal bond, an amended notice of appeal. The parties submitted combined briefs on all the points of error raised, including the trial court's denial of an appeal bond. However, an Article 44.04 appeal is separate from the appeal of the conviction and punishment, and therefore must be perfected by a separate notice of appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(g) (West 2006); *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.). We construe Johnson's amended notice of appeal as a separate notice of appeal from the trial court's order denying the appeal bond. We have separated the appeal from the order denying an appeal bond from the appeal from the judgment of conviction, but did not

**Standard of Review**

We review a trial court's decision to deny an appeal bond under an abuse of discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); *Ex parte Reasor*, 278 S.W.3d 460, 461 (Tex. App.—San Antonio 2009, no pet.). We ask whether the trial judge's "decision was made without reference to any guiding rules or principles or, in other words, if the decision was arbitrary or unreasonable." *Davis v. State*, 71 S.W.3d 844, 845-46 (Tex. App.—Texarkana 2002, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). So long as the trial court's decision falls within the "zone of reasonable disagreement," we must uphold the court's decision. *Reasor*, 278 S.W.3d at 461; *Davis*, 71 S.W.3d at 845; *see Spaulding*, 612 S.W.2d at 511.

**Appeal Bond**

There is no federal or state constitutional right to bail pending appeal. *Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Crim. App. [Panel Op.] 1978); *Ex parte Cole*, 43 S.W.3d 713, 716 (Tex. App.—Fort Worth 2001, no pet.); *Cortez v. State*, 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see Dallas v. State*, 983 S.W.2d 276, 278 n.1 (Tex. Crim. App. 1998). However, the Texas Legislature has made provision for defendants to seek reasonable bail pending appeal under certain circumstances. *See* Tex. Code Crim. Proc. Ann. art. 44.04 (West 2006).

require the parties to redraw their briefs to separate the points of error. Johnson's appeal of his conviction and punishment appears in Cause Number 03-12-00006-CR.

Article 44.04(b) of the Texas Code of Criminal Procedure provides that a "defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged." *Id.* art. 44.04(b). Thus, if a defendant is convicted of an offense not listed under Section 3g(a)(1) of Article 42.12 of the Code of Criminal Procedure and his sentence is less than 10 years, he may be eligible for release on a reasonable bond pending appeal. Here, it is undisputed that Johnson's sentence does not equal or exceed 10 years confinement. Nor did his conviction involve a Section 3g(a)(1) offense. Given these circumstances, Johnson was eligible to have the trial court consider him for bail pending appeal.

However, article 44.04(c) of the Texas Code of Criminal Procedure provides that a "trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant . . . is likely to commit another offense while on bail." *Id.* art. 44.04(c); *see Reasor*, 278 S.W.3d at 461. The record in this case shows that in addition to a lengthy criminal history,[2] Johnson admitted to using methamphetamine and tested positive for methamphetamine and opiates while on pre-trial bond. Thus, while awaiting trial for the instant offense of possession of a controlled substance, Johnson committed the offense of possession of a controlled substance by using, and therefore possessing, methamphetamine. This additional criminal conduct committed by

---

[2] Johnson had fourteen prior convictions spanning the ten-year period immediately prior to the commission of the instant offense—including multiple convictions for possession of controlled substance as well as convictions for possession of marijuana, theft, theft from a person, burglary of a motor vehicle, deadly conduct, and family violence assault.

Johnson is sufficient to establish good cause to believe that he would be likely to commit a new offense while on bail pending appeal. *See Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex. Crim. App. 1981) (no abuse of discretion in denying bail pending appeal where appellant committed another offense while on bail); *Putnam v. State*, 582 S.W.2d 146, 151 (Tex. Crim. App. [Panel Op.] 1979) (evidence that appellant committed another offense while on bail far exceeded statutory requirement that court find only that defendant is likely to commit another offense while on bail); *see also Reasor*, 278 S.W.3d at 461-62.

**Conclusion**

Based upon the evidence in the record, we hold that the trial court did not abuse its discretion in denying Johnson's motion for an appeal bond. Accordingly, we affirm the court's order denying bail pending appeal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: February 8, 2012

Do Not Publish

4