**Affirmed and Memorandum Opinion filed August 14, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00163-CR

## EX PARTE ASIF AEJAZ, Appellant

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1414455**

## M E M O R A N D U M   O P I N I O N

Appellant Asif Aejaz appeals the trial court's denial of his application for writ of habeas corpus seeking bail pending appeal of his conviction for intoxication manslaughter. Concluding the trial court did not abuse its discretion in denying bail, we affirm.

## BACKGROUND

A jury found appellant guilty of intoxication manslaughter[1] and assessed punishment at confinement for seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal and requested bail pending appeal of his conviction.

At the hearing on appellant's application for writ of habeas corpus appellant testified he paid a mortgage on his home and had worked for United Airlines as an aircraft inspector for twelve years before being convicted. Appellant was on an $800,000 bond for a pending sexual assault offense when he was alleged to have committed intoxication manslaughter. Appellant pointed out that while on bond, he complied with the requirement that he not have contact with the complainant.

Appellant installed an interlock device on his truck, which requires him to blow into the device before his truck can be started. Appellant submits to two to four urinalyses per week and has not violated his curfew. Appellant testified that he would comply with any conditions of bond and would report to the court if his conviction is affirmed. Appellant has two pending sexual assault charges and one pending improper photography charge, and testified that he will appear for all court dates on those charges. Appellant is unemployed, but plans to look for a job if granted bail.

At the conclusion of the hearing, the trial court denied bail stating that the intoxication manslaughter was committed while appellant was out on bond for a pending sexual assault charge, and that there is a likelihood that appellant will commit an offense while on bond pending appeal.

In a single issue on appeal, appellant argues the trial court did not

---

[1] *See* Tex. Penal Code § 49.08.

sufficiently take into account those factors that indicate he could lawfully abide by bail conditions while on appeal.

## STANDARD OF REVIEW

We review a trial court's decision to deny an appeal bond under an abuse-of-discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); *Ex parte Reasor*, 278 S.W.3d 460, 461 (Tex. App.—San Antonio 2009, no pet.). We ask whether the trial judge's "decision was made without reference to any guiding rules or principles or, in other words, if the decision was arbitrary or unreasonable." *Davis v. State*, 71 S.W.3d 844, 846 (Tex. App.—Texarkana 2002, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). So long as the trial court's decision falls within the "zone of reasonable disagreement," we must uphold the court's decision. *Reasor*, 278 S.W.3d at 461; *Davis*, 71 S.W.3d at 845.

## APPEAL BOND

There is no federal or state constitutional right to bail pending appeal. *Ex parte Lowe*, 573 S.W.2d 245, 247 (Tex. Crim. App. 1978); *Cortez v. State*, 36 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). However, the Texas Code of Criminal Procedure permits defendants to seek reasonable bail pending appeal under certain circumstances. *See* Tex. Code Crim. Proc. art. 44.04.

Article 44.04(b) of the Texas Code of Criminal Procedure provides that a "defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged." Tex. Code Crim. Proc. art. 44.04(b). Thus, if a defendant is convicted of an offense

not listed under Section 3g(a)(1) of Article 42.12 of the Code of Criminal Procedure and his sentence is less than 10 years, he may be eligible for release on a reasonable bond pending appeal. It is undisputed that appellant's sentence does not equal or exceed ten years' confinement. Nor did his conviction involve a Section 3g(a)(1) offense. Given these circumstances, appellant was eligible to have the trial court consider him for bail pending appeal.

However, a "trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant . . . is likely to commit another offense while on bail." Tex. Code Crim. Proc. art. 44.04(c); *see Reasor*, 278 S.W.3d at 461. Appellant admitted that the intoxication manslaughter for which he was convicted occurred while he was on bond for another offense, specifically sexual assault. This admission is sufficient to establish good cause to believe that appellant would be likely to commit a new offense while on bail pending appeal. *See Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex. Crim. App. 1981) (no abuse of discretion in denying bail pending appeal when appellant committed another offense while on bail); *Putnam v. State*, 582 S.W.2d 146, 151 (Tex. Crim. App. 1979) (evidence that appellant committed another offense while on bail far exceeded statutory requirement that court find only that defendant is likely to commit another offense while on bail); *see also Reasor*, 278 S.W.3d at 461–62.

## CONCLUSION

Based on the evidence in the record, we conclude the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus requesting bond pending appeal. We affirm the trial court's order denying appellant's application for writ of habeas corpus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).