**Opinion filed October 23, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00208-CR

_____

### KODY DOUGLAS TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25441-A**

### M E M O R A N D U M   O P I N I O N

Appellant, Kody Douglas Taylor, has filed an appeal from an order in which the trial court denied Appellant's application for writ of habeas corpus and thereby denied bail to Appellant while his underlying conviction is on appeal.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c), (g) (West 2006); *see also* TEX. R. APP. P. 31. We affirm.

---

[1]We note that the appeal from the underlying conviction is currently pending in this court in our Cause No. 11-14-00094-CR.

In his application, Appellant requested that the trial court "set a bond in a reasonable amount" pending the appeal of Appellant's conviction for a state jail felony. In the underlying case, Appellant entered an open plea of true and was convicted of the state jail felony offense of possession of methamphetamine. After a presentence investigation report was prepared, the trial court assessed Appellant's punishment at confinement in a state jail facility for two years. Thus, Appellant was eligible for bail pending appeal under Article 44.04(c).

Article 44.04 of the Code of Criminal Procedure provides in relevant part:

> (b) The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.

> (c) Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section, *the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail*, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

CRIM. PROC. art. 44.04(b), (c) (emphasis added). Although Appellant was eligible for bail, the trial court found that good cause existed to deny bail because Appellant was likely to commit another offense while on bail. Such a finding will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981).

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied bail pending appeal. Appellant first asserts that he was "effectively denied a hearing" on his application. We disagree. The record shows

that the trial court held a hearing on Appellant's application at which Appellant was permitted to address the trial court and was questioned in open court by his attorney.

Appellant also asserts that the evidence was not sufficient to show good cause to believe that he would commit a new offense while on bail. Again, we disagree. The trial court's finding of good cause is supported by the record. The record from the hearing shows that Appellant has an extensive criminal history, including a failure to appear; that Appellant would probably continue to use illegal drugs while on bond; and that Appellant committed the offense of assault family violence while he was out on bond. Appellant's admission that he committed the offense of assault family violence while on bond is sufficient to establish good cause to believe that he would be likely to commit a new offense if the trial court were to release Appellant on bail pending appeal. *See Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex. Crim. App. [Panel Op.] 1981) (no abuse of discretion in denying bail pending appeal when the defendant had committed another offense while on bail); *Putnam v. State*, 582 S.W.2d 146, 151 (Tex. Crim. App. [Panel Op.] 1979) (evidence that the defendant committed another offense while on bail "far exceed[ed]" statutory requirement that court find that the defendant is likely to commit another offense while on bail). We hold that the trial court did not abuse its discretion in denying bail to Appellant. Appellant's issue on appeal is overruled.

We affirm the order of the trial court.


October 23, 2014                                        JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).      JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3